Stanley O. King, Esquire
Sharon A. King, Esquire
KING & KING, LLC
231 S. Broad Street
Woodbury, NJ 08096
856-845-3001
856-845-3079 (fax)
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAMELA WHITE, as Administratrix *ad Prosequendum* of the ESTATE of PHILLIP GEORGE WHITE, Deceased; IYONNA HANNAH; and T.H., a minor, by and through his guardian, TAMYRA DOWNING, : <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF VINELAND, VINELAND POLICE CHIEF TIMOTHY CODISPOTI, LOUIS PLATANIA, RICHARD JANASIAK and JOHN DOES 1 through 10, individually and/or in their official capacities, jointly, severally, and/or in the alternative, <br><br> Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : Civil Action No. <br> : <br> : <br> : <br> : <br> : <br> : **COMPLAINT** <br> : **and DEMAND FOR JURY** <br> : <br> : |

Plaintiffs, by and through their attorneys, bring this Complaint against Defendants and in support thereof allege as follows:

**PARTIES**

1. Phillip George White ("White") is an African-American man who died on March 31, 2015 at the age of 33, immediately following an encounter with defendant police officers, Louis Platania and Richard Janasiak.

2. Plaintiff, Pamela White ("Ms. White"), is the mother of Phillip White. Letters of Administration *Ad Prosequendum* for the Estate of Phillip White were granted to Ms. White on November 24, 2015 by the Cumberland County Surrogate Court. Ms. White brings this action in her capacity as Administratrix *ad Prosequendum* of the Estate of Phillip George White. Ms. White resides in the City of Vineland, County of Cumberland and State of New Jersey.

3. Plaintiff, Iyonna Hannah, is the adult daughter of White. She resides in the City of Bridgeton, County of Cumberland and State of New Jersey.

4. Plaintiff, T.H., is White's minor son. He resides in Winslow Township, Camden County, New Jersey. His legal guardian, Tamyra Downing, brings this action on his behalf.

5. Defendant City of Vineland is a municipal corporation organized and existing under the laws of the State of New Jersey. Its offices are located at 640 East Wood Street, Vineland, Cumberland County, New Jersey 08362.

6. Defendant Timothy Codispoti, at relevant times, was the police chief of the City of Vineland. He has been the police chief since 2006. Chief Codispoti is Caucasian. At all times mentioned in this Complaint, Defendant Codispoti was acting under color of law and color of his authority as police chief of the City of Vineland. Chief Codispoti is the head of Vineland's police force and is responsible for making and enforcing policies for his police department and for training and supervising Vineland police officers in the proper and lawful use of force and in the execution of lawful arrests. He is sued in his individual and official capacities. His office is located at 111 North 6th Street, Vineland, Cumberland County, New Jersey 08360 .

7. Defendant Louis Platania ("Platania"), at all relevant times, was a police officer employed by the City of Vineland in its police department. He is Caucasian. At all times

2

mentioned in this Complaint, he was acting under color of law and color of his authority as a police officer of the City of Vineland. He is sued in his individual and official capacities. His business address is 111 North 6th Street, Vineland, Cumberland County, New Jersey 08360.

8.      Defendant, Richard Janasiak ("Janasiak"), at all relevant times, was a police officer employed by the City of Vineland in its police department. He is Caucasian. At all times mentioned in this Complaint, he was acting under color of law and color of his authority as a police officer of the City of Vineland. He is sued in his individual and official capacities. His business address is 111 North 6th Street, Vineland, Cumberland County, New Jersey 08360.

9.      Plaintiffs are unaware of the true names and capacities of those defendants sued as John Does 1 through 10 and therefore sue these defendants using their fictitious names. At all time mentioned in this Complaint, Defendant John Doe 1 was a police officer employed by the City of Vineland. Defendant John Doe 1 is Caucasian. While Defendants Platania and Janasiak engaged with White on the morning of March 31, 2015, Defendant John Doe 1 confiscated the cell phone of a bystander who told John Doe 1 that he had recorded on his cell phone, the other officers' encounter with White. Plaintiffs will amend this complaint to allege each 10 unknown other named defendants' true names and capacities when that information becomes known. Plaintiffs are informed and believes that each of these 10 unknown other named defendants is legally responsible and liable for the incident, injuries and damages set forth here, and that each of these defendants legally caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful, wanton or despicable conduct as described below.

## JURISDICTION

10.      Plaintiffs invoke jurisdiction pursuant to 28 U.S.C. §1331 as the claims raise federal questions under 42 U.S.C. §1983. Plaintiffs further invoke supplemental jurisdiction

3

pursuant to 28 U.S.C. §1367 for claims arising under state law as these claims form part of the same case and controversy as the claims brought under 42 U.S.C. §1983.

11.     Venue is appropriately laid in the District of New Jersey pursuant to 28 U.S.C. §1391(b) as it is the judicial district in which the claims asserted herein arose.

## FIRST CAUSE OF ACTION
### (Deprivation of Federally Protected Right under § 1983)
*Excessive Force as to all Defendants except John Doe 1*

12.     On the morning of March 31, 2015, White visited the home of a friend on West Grape Street in Vineland.

13.     White began raising his voice as he spoke to his friend. When the friend advised him that the friend's grandmother was home, White lowered his voice, apologized to his friend, walked over to home's chain link fence and began leaning on the fence.

14.     Upon information and belief, a neighbor overhearing the exchange between White and his friend telephoned the police to report a disturbance.

15.     Defendant Platania, a K-9 officer, was the first officer to arrive on the scene.

16.     By the time Platania arrived, White was quietly leaning against the fence.

17.     Platania announced that he had received a call that there was a disturbance.

18.     White's friend responded that there was no disturbance.

19.     Platania then approached White, touched him and asked whether White was okay.

20.     White stated that he was okay and walked away from Platania.

21.     Platania had a history of harassing White and other African-American men in Vineland. On numerous occasions, Platania would stop these men without justification, search them, detain them, interrogate them and ultimately release them.

4

22. On this occasion, while White walked away, Platania grabbed him and slammed him onto a civilian car.

23. A bystander objected to Platania slamming White onto the car, at which point Platania slammed White onto the patrol car and then took him to the ground. White was not combative and did nothing to warrant the officer's conduct.

24. Immediately after landing on the ground, White became motionless and appeared to be unconscious.

25. Platania kicked and stomped on White. He climbed on top of White and repeatedly punched him. All the while, White continued to be motionless.

26. As Platania was beating White, he repeatedly yelled, "roll over." White remained motionless on the ground appearing to be unconscious.

27. As Platania repeatedly struck White, a bystander pleaded with Platania to "get off" of White. The bystander kept repeating that White was "knocked out." Platania ignored the bystander's pleas and continued to beat White while shouting, "roll over."

28. As Platania pinned a motionless White to the ground, Janasiak released the canine on White.

29. Rather than inform Janasiak that the canine was not needed as there was no resistance from White, Platania instructed the police dog to "get him, get him!"

30. The dog immediately attacked and mauled the unresponsive White, while Platania told the dog to "hold, hold, hold" its grip on White.

31. One bystander repeatedly shouted to no avail to "get that dog off of him, he's knocked out, he's not moving."

5

32.     As White was lying unresponsive on the ground, Platania began shouting repeatedly into his police radio, "let go of my gun, let go my gun!" At no point did White reach for Platania's gun. White was simply lying motionless on the ground.

33.     When Janasiak arrived on the scene, White had already been lying motionless on the ground. Janasiak twisted White's ankle and later stood by as Platania and his canine savagely attacked White.

34.     Janasiak observed Platania and his canine attack a subdued White, but failed to attempt to stop this attack.

35.     During the incident, a bystander informed the police that he had captured the incident on his cell phone. Defendant John Doe 1, a third Vineland officers who had arrived on the scene, approached the bystander and asked whether the bystander saw the entire incident. When the bystander said he saw everything, this officer—without legal justification—confiscated the bystander's phone.

36.     White was eventually taken to Inspira Medical Center in Vineland, where he was pronounced dead in the emergency room.

37.     The conduct of the officers constitute excessive use of force by Defendants Platania and Janasiak, and by Chief Codispoti and the City of Vineland—through their agents and employees—depriving White of his right to be secure in his person against unreasonable searches and seizures as guaranteed by the Fourth Amendment to the United States Constitution.

38.     By reason of the aforesaid violation of White's rights, Plaintiffs are entitled to damages under 42 U.S.C. § 1983.

6

## SECOND CAUSE OF ACTION
### (Deprivation of Federally Protected Right under § 1983)
### *False Arrest/False Imprisonment as to all Defendants except John Doe 1*

39.     Plaintiffs adopt and incorporate by reference, paragraphs 1 through 38 as if set forth herein at length.

40.     Defendants, Platania and Janasiak, and Chief Codispoti and the City of Vineland—through their agents and employees—violated clearly established law by falsely arresting and falsely imprisoning White in violation of his Fourth Amendment right to be secure in his person against unreasonable searches and seizures and not to be arrested without probable cause, and his Fourteenth Amendment right not to be deprived of liberty without due process of law.

41.     As a direct and proximate result of the aforesaid acts of these defendants, White and the Plaintiffs suffered economic losses, grievous bodily harm and emotional pain and suffering.

42.     By reason of the aforesaid violation of White's rights, Plaintiffs are entitled to recover damages under 42 U.S.C. § 1983.

## THIRD CAUSE OF ACTION
### (Deprivation of Federally Protected Right under § 1983)
### *Failure to Intervene as to all Defendants*

43.     Plaintiff adopts and incorporates by reference paragraphs 1 through 42 as if set forth herein at length.

44.     Defendants Platania, Janasiak, John Doe 1, Chief Codispoti and the City of Vineland acted under color of law in engaging in the conduct described above.

45.     The conduct of these defendants as described above constitute the failure of the officers to intervene to prevent the excessive use of force by each other, depriving White of his

7

clearly established right to be secure in his person against unreasonable searches and seizures as guaranteed by the Fourth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983.

46.     The acts committed by the defendants as described above were a proximate cause of bodily injuries to White, in violation of his constitutional rights as previously set forth.

## FOURTH CAUSE OF ACTION
### (Deprivation of Federally Protected Right under § 1983)
#### *Conspiracy to Violate Civil Rights as to all Defendants*

47.     Plaintiffs adopt and incorporate by reference, paragraphs 1 through 46 as if set forth herein at length.

48.     Defendants, Platania, Janasiak and John Doe 1, and Chief Codispoti and the City of Vineland—through their agents and employees—acting within the scope of their employment and under color of law, agreed among themselves and with other individuals to act in concert to deprive White of his clearly established federal and state constitutional rights, as alleged above.

49.     The conduct of these defendants constitutes a civil conspiracy to deprive White of his clearly established federal and state constitutional rights.

50.     In furtherance of the conspiracy, Defendants Platania, Janasiak, and John Doe 1 engaged in and facilitated numerous overt acts, including, without limitation, the following:

a.     Physically assaulting White and causing the canine to assault White, while White was lying motionless on the ground;

b.     Falsely arresting and imprisoning White;

c.     Failing to intervene to prevent the assault on White;

8

d.      Fabricating statements that White was reaching for an officer's gun and that White was resisting arrest;

e.      Jointly devising false, exculpatory versions of the events of March 31, 2015, and telling these false versions of the events to the investigating authorities;

f.      Submitting false police reports, statements and testimony to support and corroborate the fabricated allegations made against White;

g.      Unlawfully confiscating a bystander's cell phone in an effort to conceal the true account of the events of March 31, 2015; and

h.      Intimidating witnesses for the purpose of discouraging these witnesses from giving truthful statements.

## FIFTH CAUSE OF ACTION
### (Deprivation of Federally Protected Right under § 1983)
### *Violation of 42 U.S.C. § 1981 as to Defendant Platania, Chief Codispoti and the City of Vineland*

51.     Plaintiffs adopt and incorporate by reference, paragraphs 1 through 50 as if set forth herein at length.

52.     Platania's historical conduct in harassing White and other African-Americans in Vineland, and his unjustified arrest and assault on White on the morning of March 31, 2015 constitute discrimination against White on the basis of White's race in violation of 42 U.S.C. § 1981.

53.     Chief Codispoti and the City of Vineland also developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of African-American persons in the City of Vineland, which caused White's rights to be violated. Chief Codispoti and the City of Vineland have repeatedly and knowingly failed to enforce the laws of the United States prohibiting discrimination based on race.

54.     Chief Codispoti and the City of Vineland were aware of and condoned their officers' discriminatory conduct against the African American segment of the Vineland community. Following White's death, the Latino Leadership Alliance of New Jersey conducted an investigation into use of force practices by members of Vineland Police Department. In this study, the organization reviewed more than 800 "Use of Force" reports prepared by Vineland police officers from January 2013 to March 2015.  The study revealed that force was disproportionately used against members of the African American and Latino communities. In 2014, 195 persons were subject to use of force by Vineland police officers. Although African-Americans make up only 14.1 percent of the City of Vineland's population, 37.4 percent of the persons subjected to force were African-Americans. This number was increased to approximately forty percent for the first quarter of 2015.

55.     The conduct of Chief Codispoti and the City of Vineland constitute discrimination against White on the basis of White's race in violation of 42 U.S.C. § 1981.

56.     As a direct and proximate result of Platania's discriminatory conduct and Chief Codispoti's and the City of Vineland's failure to curb racially discriminatory practices against African-American persons by members of its police department, White and the plaintiffs suffered economic losses, grievous bodily harm and emotional pain and suffering.

57.     By reason of this violation by Defendants Platania, Chief Codispoti and the City of Vineland, Plaintiffs are entitled to damages pursuant to 42 U.S.C. § 1983.

### SIXTH CAUSE OF ACTION
**(Deprivation of Federally Protected Rights under § 1983
as to Chief Codispoti and City of Vineland)**

58.     Plaintiffs adopt and incorporate by reference, paragraphs 1 through 57 as if set forth herein at length.

59.    Defendants Chief Codispoti and the City of Vineland are liable for the deprivation of White's federally protected rights by Officers Janasiak, Platania and John Doe 1, as described in the foregoing Causes of Action.

60.    At all relevant times, the City of Vineland, through its police chief, Timothy Codispoti, was responsible for the training of all police officers in the City of Vineland in the proper and lawful use of force and in the execution of lawful arrests.

61.    Defendants, Chief Codispoti and the City of Vineland, have repeatedly and knowingly failed to enforce the laws of the United States, the State of New Jersey and the regulations of the City of Vineland pertaining to the use of force and lawful arrests, thereby creating within the City of Vineland, an atmosphere of lawlessness in which police officers employ excessive and illegal force and violence, and engage in illegal arrests and unlawful conspiracies, and such acts are condoned and justified by their superiors.

62.    At the time of the incident described above, Chief Codispoti and the City of Vineland had developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of Vineland, which caused White's rights to be violated.

63.    It was the policy and/or custom of the City of Vineland and its police chief to inadequately and improperly supervise and train its police officers and to inadequately and improperly investigate citizen complaints of police misconduct.  Civilian complaints were routinely dismissed and officers' misconduct were instead tolerated and condoned by the City of Vineland and its police chief. For example, for six calendar years preceding this event—2009 through 2014—there were 190 civilian complaints of excessive force filed against members of the Vineland Police Department. Of these complaints, 185 were investigated.  None of the

investigated complaints resulted in a finding of "sustained." Rather, as seen in the table below, 100 percent of the complaints resulted in the officer being exonerated or a finding that the complaint was "not sustained" or "unfounded":

### EXCESSIVE FORCE COMPLAINTS

| Year | Complaints Investigated | Complaints Sustained | Complaints "Not Sustained" / "Unfounded" / "Exonerated" |
|------|------|------|------|
| 2009 | 29 | 0 | 29 |
| 2010 | 19 | 0 | 19 |
| 2011 | 28 | 0 | 28 |
| 2012 | 44 | 0 | 44 |
| 2013 | 38 | 0 | 38 |
| 2014 | 27 | 0 | 27 |
| Total | 185 | 0 | 185 |

64.     Similarly, for the same period of time—2009 through 2014—there were 24 civilian complaints of improper arrest. Out of 22 complaints investigated, not a single complaint was sustained. Rather, as seen in the table below, 100 percent of the complaints resulted in the officer being exonerated or a finding that the complaint was "not sustained," "unfounded" or "administratively closed":

### IMPROPER ARREST COMPLAINTS

| Year | Complaints Investigated | Complaints Sustained | Complaints "Not Sustained" / Unfounded/ Exonerated /Administratively Closed |
|------|------|------|------|
| 2009 | 1 | 0 | 1 |
| 2010 | 1 | 0 | 1 |
| 2011 | 7 | 0 | 7 |
| 2012 | 3 | 0 | 3 |
| 2013 | 2 | 0 | 2 |
| 2014 | 8 | 0 | 8 |
| Total | 22 | 0 | 22 |

65.     Officers engaging in misconduct were therefore not disciplined nor provided with appropriate in-service training or retraining. Further constitutional violations on the part of its police officers were therefore not discouraged, but condoned. As a result of the policies and

practices, citizens were routinely subjected to police misconduct, including false arrests, excessive use of force and unlawful conspiracies to deprive citizens of their constitutional rights.

66.    As a result of the above-described policies and customs, police officers of the City of Vineland, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

67.    The above-described policies and customs demonstrate a deliberate indifference on the part of policymakers of the City of Vineland to the constitutional rights of White alleged herein.

68.    Chief Codispoti's and the City of Vineland's failure to provide training and supervision regarding lawful arrests and the proper use of force to police officers constitute negligence, gross negligence and deliberate indifference to the safety and lives of their citizens. The said negligence, gross negligence and deliberate indifference were the proximate cause of the White's injuries.

69.    By reason of the aforesaid violation of White's rights, Plaintiffs are entitled to recover damages under 42 U.S.C. § 1983.

## SEVENTH CAUSE OF ACTION
### (Pendent Claim of Violation of New Jersey Civil Rights Act as to all Defendants)

70.    Plaintiffs adopt and incorporate by reference, paragraphs 1 through 69 as if set forth at length herein.

71.    This cause of action arises under New Jersey Civil Rights Act, N.J.S.A. §10:6-1, *et seq.* Supplemental jurisdiction is established pursuant to 28 U.S.C. §1367 as the claim forms part of the same case and controversy as the claims brought under the First through Sixth Causes of Action.

72.    The acts committed by all defendants constitute a violation of rights secured by the United States Constitution, as alleged above, and a further violation of the New Jersey Constitution, as follows:

Article I, Section 7 of the New Jersey Constitution prohibiting arrest without probable cause and guaranteeing White the right to be secure in his person against unreasonable searches and seizures; and

Article I, Section 7 of the New Jersey Constitution guaranteeing White the right to be secure in his person against unreasonable searches and seizures, including the excessive use of force.

73.    As a direct and proximate result of the aforesaid acts of the defendants, White and the plaintiffs suffered economic losses, grievous bodily harm and emotional pain and suffering.

74.    By reason of the aforesaid violation of White's rights, Plaintiffs are entitled to damages under *N.J.S.A.* §10:6-1, *et seq.,* including costs, attorney fees and expenses pursuant to *N.J.S.A.* §10:6-2(f).

## EIGHTH CAUSE OF ACTION
### (Pendent Claim of Violation of New Jersey Law Against Discrimination as to Defendants Platania, Chief Codispoti and the City of Vineland)

75.    Plaintiffs adopt and incorporate by reference paragraphs 1 through 74 as if set forth herein at length.

76.    This cause of action arises under New Jersey Law Against Discrimination, *N.J.S.A.* § 10:15-1 *et seq.*  Supplemental jurisdiction is established pursuant to 28 U.S.C. § 1367 as the claim forms part of the same case and controversy as the claims brought under the First through Sixth Causes of Action.

77.     The conduct of Defendants Platania, Chief Codispoti and the City of Vineland, as described above, constitute discrimination against White based upon his race, in a place of public accommodation, in violation of *N.J.S.A* §10:5-1, *et seq.*

78.     As a result of the defendants' conduct, Plaintiffs are entitled to compensatory and punitive damages as to all defendants, pursuant to New Jersey Law Against Discrimination.

## NINTH CAUSE OF ACTION
### (Pendent Claim of Assault & Battery as to all Defendants except John Doe 1)

79.     Plaintiffs adopt and incorporate by reference paragraphs 1 through 78 as if set forth herein at length.

80.     Supplemental jurisdiction for this Cause of Action is established pursuant to 28 U.S.C. § 1367 as the claim forms part of the same case and controversy as the claims brought under the First through Sixth Causes of Action.

81.     The conduct of Defendants, Platania, Janasiak, Chief Codispoti and the City of Vineland, as described above, resulted in an unprovoked, unpermitted, harmful and offensive contact with White and thus constitutes assault and battery.

82.     As a direct and proximate result of Defendants' assault and battery, White and the plaintiffs suffered economic losses, grievous bodily harm and emotional pain and suffering.

## TENTH CAUSE OF ACTION
### (Pendent Claim of False Arrest/False Imprisonment
### as to all Defendants except John Doe 1)

83.     Plaintiffs adopt and incorporate by reference paragraphs 1 through 82 as if set forth herein at length.

84.     Supplemental jurisdiction for this Cause of Action is established pursuant to 28 U.S.C. § 1367 as the claim forms part of the same case and controversy as the claims brought under the First through Sixth Causes of Action.

15

85.     The conduct of the Defendants Platania, Janasiak, Chief Codispoti and the City of Vineland as described above, resulted in the false arrest and false imprisonment of White, directly and proximately causing White and the plaintiffs physical, economic and emotional damages.

## ELEVENTH CAUSE OF ACTION
### (Pendent Claim of Negligence as to all Defendants)

86.     Plaintiffs adopt and incorporate by reference paragraphs 1 through 85 as if set forth herein at length.

87.     Supplemental jurisdiction for this Cause of Action is established pursuant to 28 U.S.C. § 1367 as the claim forms part of the same case and controversy as the claims brought under the First through Sixth Causes of Action.

88.     Defendants, Platania, Janasiak, John Doe 1, Chief Codispoti and the City of Vineland, acted with a lack of cautious regard for White's right to be free from unnecessary bodily harm or from the threat of such harm and without the due care that prudent police officers would use under the circumstances.

89.     The injury to and death of White were a direct and proximate result of the negligence of all defendants.

90.     As a result of the defendants' negligence, White and the plaintiffs suffered economic losses, grievous bodily harm and emotional pain and suffering.

## TWELFTH CAUSE OF ACTION
### (Pendent Claim of Gross Negligence as to all Defendants)

91.     Plaintiffs adopt and incorporate by reference paragraphs 1 through 90 as if set forth herein at length.

16

92.    Supplemental jurisdiction for this Cause of Action is established pursuant to 28 U.S.C. § 1367 as the claim forms part of the same case and controversy as the claims brought under the First through Sixth Causes of Action.

93.    The assault and battery, use of excessive force, and other acts unnecessarily subjecting White to danger, were carried out with such willful, malicious, wanton and reckless disregard of the consequences and with conscious indifference to the danger of harm and injury to White and the intent to inflict harm and injury on White.

94.    The injury to and death of White were a direct and proximate result of the gross negligence of Defendants, Platania, Janasiak, John Doe 1, Chief Codispoti and the City of Vineland.

95.    As a result of the defendants' negligence, White and the plaintiffs suffered economic losses, grievous bodily harm and emotional pain and suffering.

## THIRTEENTH CAUSE OF ACTION
### (Pendent Claim of Wrongful Death as to all Defendants)

96.    Plaintiffs adopt and incorporate by reference paragraphs 1 through 95 as if set forth herein at length.

97.    Supplemental jurisdiction for this Cause of Action is established pursuant to 28 U.S.C. § 1367 as the claim forms part of the same case and controversy as the claims brought under the First through Sixth Causes of Action.

98.    By reason of the death of White, Plaintiffs Iyonna Hannah and T.H. have been deprived of decedent's support, comfort, society and services, all to their damages.

99.    As a result of the actions of all defendants, Plaintiffs Iyonna Hannah and T.H. are entitled to recover pecuniary damages pursuant to *N.J.S.A.* 2A:31-1, *et seq.*

## FOURTEENTH CAUSE OF ACTION
**(Pendent Claim of Survivorship as to all Defendants)**

100.    Plaintiffs adopt and incorporate by reference paragraphs 1 through 99 as if set forth herein at length.

101.    Supplemental jurisdiction for this Cause of Action is established pursuant to 28 U.S.C. § 1367 as the claim forms part of the same case and controversy as the claims brought under the First through Sixth Causes of Action.

102.    As a direct and proximate result of the wrongful act of all defendants as described above, White suffered severe physical and mental pain.

103.    As a proximate result of the wrongful acts of the defendants, White died.

104.    By reason of the injury and death of the decedent, the decedent's estate has become liable for hospital bills, doctor bills and funeral expenses of Phillip George White, deceased.

105.    As a result of the actions of all defendants, Plaintiffs are entitled to recover damages pursuant to *N.J.S.A.* 2A:15-3, *et seq.*

WHEREFORE, Plaintiffs demand judgment against the defendants on all causes of action as follows:

(1)    Compensatory damages in the amount of $10,000,000;

(2)    Punitive damages;

(3)    Attorney's fees and costs of this action; and

(4)    Such other and further relief as the court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedures, Plaintiffs demand a trial by jury of this action.

## TRIAL ATTORNEY DESIGNATION

Stanley O. King is hereby designated as trial attorney.

Dated: November 7, 2016                    KING & KING, LLC
                                           Attorneys for Plaintiffs

                                           By___/s/ Stanley O. King_____
                                              STANLEY O. KING

                                           By___/s/ Sharon A. King_____
                                              SHARON A. KING

JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
PAMELA WHITE, as Administratrix ad Prosequendum of the Estate of Phillip George White, Deceased; IYONNA HANNAH; and T.H., a minor, by and through his guardian, TAMYRA DOWNING

## DEFENDANTS
CITY OF VINELAND, VINELAND POLICE CHIEF TIMOTHY CODISPOTI, LOUIS PLATANIA, RICHARD JANASIAK & JOHN DOES 1 through 10

**(b)** County of Residence of First Listed Plaintiff   CUMBERLAND
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   CUMBERLAND
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, Email and Telephone Number)*
Stanley O. King, Esquire       856-845-3001
King & King, LLC               stan@kingslaw.com
Woodbury, NJ 08096

Attorneys *(If Known)*
Barker, Gelfand & James

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC SECTION 1983

Brief description of cause:
Plaintiffs seek damages stemming from Decedent's wrongful death while in custody of Vineland police officers.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $   $10,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*   JUDGE   NA   DOCKET NUMBER

DATE   11/07/16

SIGNATURE OF ATTORNEY OF RECORD   /s/ Stanley O. King

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE