**Attorney ID – TG-3528**
**Todd J. Gelfand, Esquire**
**BARKER, GELFAND & JAMES**
A Professional Corporation
Linwood Greene – Suite 12
210 New Road
Linwood, New Jersey 08221
(609) 601-8677
TGelfand@BarkerLawFirm.net

Attorney for Defendants, the City of Vineland, Vineland Police Chief Timothy Codispoti, and Louis Platania, Jointly, Severally, and in the Alternative

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY - CAMDEN**

| | |
|---|---|
| PAMELA WHITE, as Administratrix *ad Prosequendum* of the ESTATE of PHILLIP GEORGE WHITE, Deceased; IYONNA HANNAH; and T.H., a minor, by and through his guardian, TAMYRA DOWNING,<br>      Plaintiffs,<br>v.<br><br>CITY OF VINELAND;<br>VINELAND POLICE CHIEF TIMOTHY CODISPOTI;<br>LOUIS PLATANIA;<br>RICHARD JANASIAK; and,<br>JOHN DOES 1 through 10, individually and/or in their official capacities,<br><br>Jointly, Severally, and/or in the alternative,<br>      Defendants | Civil Action<br>16-cv-8308 (NLH/KMW) |

---

**ANSWER TO PLAINTIFFS' COMPLAINT**

On behalf of the Defendants,
the City of Vineland, Vineland Police Chief Timothy Codispoti,
and Louis Platania

Jointly, Severally, and in the Alternative

---

NOW COME the Defendants, the City of Vineland, Vineland Police Chief Timothy Codispoti, and Louis Platania, Jointly, Severally, and in the Alternative, by and through their attorney, Todd J. Gelfand, Esquire of the Law Offices of Barker, Gelfand & James, and by way of Answer to the Plaintiff's Complaint, hereby state as follows:

## **PARTIES**

1.   Admitted, except as to the word "immediately," and except as to any implication of causation.

2.   The answering Defendants are without sufficient information to form a belief as to the truth of the statements made within this paragraph; therefore, the answering Defendants enter a formal denial, and put the Plaintiff to proof.

3.   The answering Defendants are without sufficient information to form a belief as to the truth of the statements made within this paragraph; therefore, the answering Defendants enter a formal denial, and put the Plaintiff to proof.

4.   The answering Defendants are without sufficient information to form a belief as to the truth of the statements made within this paragraph; therefore, the answering Defendants enter a formal denial, and put the Plaintiff to proof.

5.   Admitted

Answer to Plaintiffs' Complaint on behalf of the Defendants, the City of Vineland,            Page 2 of 22
Vineland Chief Timothy Codispoti, and Louis Platania, Jointly, Severally, and in the Alternative
**White v City of Vineland, et al.**

BARKER, GELFAND & JAMES • A PROFESSIONAL CORPORATION • LINWOOD, NEW JERSEY 08221

6.    Denied that Defendant Codispoti is responsible for making policies. Denied that this Complaint alleges sufficient personal involvement for Chief of Police Timothy Codispoti to be held liable.

7.    Admitted.

8.    Admitted.

9.    Denied.

<u>JURISDICTION</u>

10.   Admitted.

11.   Admitted.

<u>FIRST CAUSE OF ACTION</u>
**(Deprivation of Federally Protected Right Under §1983)**
***Excessive Force As To All Defendants Except John Doe I***

12.   Admitted Plaintiff was in the area.

The answering Defendants are otherwise without sufficient information to form a belief as to the truth of the statements made within this paragraph; therefore, the answering Defendants enter a formal denial, and put the Plaintiff to proof as to his purpose.

13.   Denied.

14.   The answering Defendants are without sufficient information to form a belief as to the truth of the statements

Answer to Plaintiffs' Complaint on behalf of the Defendants, the City of Vineland,          Page 3 of 22
Vineland Chief Timothy Codispoti, and Louis Platania, Jointly, Severally, and in the Alternative
**White v City of Vineland, et al.**

BARKER, GELFAND & JAMES • A PROFESSIONAL CORPORATION • LINWOOD, NEW JERSEY 08221

made within this paragraph; therefore, the answering Defendants enter a formal denial, and put the Plaintiff to proof.

15.  Admitted.

16.  Denied.

17.  Admitted that upon arrival in the area to which he was dispatched, Defendant Officer Platania asked subjects in the area to which he was dispatched whether any of them heard someone screaming, they shrugged their shoulders, and then Officer Platania noticed a male leaning up against a chain link fence hunched over with his head down and asked the subject if he was okay and whether he wanted an ambulance.

18.  The answering Defendants are without sufficient information to form a belief as to the truth of the statements made within this paragraph; therefore, the answering Defendants enter a formal denial, and put the Plaintiff to proof.

19.  Admitted that Officer Platania asked Mr. White a question to the effect of "are you okay?" or "what's going on?".

20.  Denied. At some point during the encounter, at or about this time, White began to aggressively pull away from Officer Platania.

21.  Denied.

22.  Denied.

Answer to Plaintiffs' Complaint on behalf of the Defendants, the City of Vineland,          Page 4 of 22
Vineland Chief Timothy Codispoti, and Louis Platania, Jointly, Severally, and in the Alternative
**White v City of Vineland, et al.**

BARKER, GELFAND & JAMES • A PROFESSIONAL CORPORATION • LINWOOD, NEW JERSEY 08221

23.   Denied.

24.   Denied.

25.   Denied.

26.   Admitted that Plaintiff White resisted a lawful arrest and was instructed to stop resisting. Otherwise, denied.

27.   Denied.

28.   Denied.

29.   Denied.

30.   Denied.

31.   Denied.

32.   Admitted that Plaintiff White appeared to be attempting to reach for, and appears to have successfully grabbed, at one point, Officer Platania's duty belt and/ or service weapon.

33.   Denied.

34.   Denied.

35.   Admitted that a witness captured video which was retrieved; otherwise, denied.

36.   Denied.

37.   Denied.

38.   Denied.

Answer to Plaintiffs' Complaint on behalf of the Defendants, the City of Vineland,          Page 5 of 22
Vineland Chief Timothy Codispoti, and Louis Platania, Jointly, Severally, and in the Alternative
**White v City of Vineland, et al.**

BARKER, GELFAND & JAMES • A PROFESSIONAL CORPORATION • LINWOOD, NEW JERSEY 08221

**SECOND CAUSE OF ACTION**
**(Deprivation of Federally Protected Right Under §1983)**
*False Arrest/ False Imprisonment As To All Defendants*
*Except John Doe I*

39.   The Defendants, the City of Vineland, Vineland Police Chief Timothy Codispoti, and Louis Platania, Jointly, Severally, and in the Alternative, repeat and incorporate herein by reference each and every answer to each of the preceding paragraphs, as if more fully set forth at length herein.

40.   Denied.

41.   Denied.

42.   Denied.

**THIRD CAUSE OF ACTION**
**(Deprivation of Federally Protected Right Under §1983)**
*Failure to Intervene As To All Defendants*

43.   The Defendants, the City of Vineland, Vineland Police Chief Timothy Codispoti, and Louis Platania, Jointly, Severally, and in the Alternative, repeat and incorporate herein by reference each and every answer to each of the preceding paragraphs, as if more fully set forth at length herein.

44.   Denied.

45.   Denied.

46.   Denied.

Answer to Plaintiffs' Complaint on behalf of the Defendants, the City of Vineland,          Page 6 of 22
Vineland Chief Timothy Codispoti, and Louis Platania, Jointly, Severally, and in the Alternative
**White v City of Vineland, et al.**

BARKER, GELFAND & JAMES • A PROFESSIONAL CORPORATION • LINWOOD, NEW JERSEY 08221

**FOURTH CAUSE OF ACTION**
**(Deprivation of Federally Protected Right Under §1983)**
*Conspiracy to Violate Civil Rights As To All Defendants*

47.   The Defendants, the City of Vineland, Vineland Police Chief Timothy Codispoti, and Louis Platania, Jointly, Severally, and in the Alternative, repeat and incorporate herein by reference each and every answer to each of the preceding paragraphs, as if more fully set forth at length herein.

48.   Denied.

49.   Denied.

50.   Denied.

A through H – Denied.

**FIFTH CAUSE OF ACTION**
**(Deprivation of Federally Protected Right Under §1983)**
*Violation of 42 USC §1981 As to Defendant Platania,*
*Chief Codispoti, and the City of Vineland*

51.   The Defendants, the City of Vineland, Vineland Police Chief Timothy Codispoti, and Louis Platania, Jointly, Severally, and in the Alternative, repeat and incorporate herein by reference each and every answer to each of the preceding paragraphs, as if more fully set forth at length herein.

52.   Denied.

53.   Denied.

54.   Denied.

Answer to Plaintiffs' Complaint on behalf of the Defendants, the City of Vineland,                    Page 7 of 22
Vineland Chief Timothy Codispoti, and Louis Platania, Jointly, Severally, and in the Alternative
**White v City of Vineland, et al.**

BARKER, GELFAND & JAMES • A PROFESSIONAL CORPORATION • LINWOOD, NEW JERSEY 08221

55.   Denied.

56.   Denied.

57.   Denied.

### SIXTH CAUSE OF ACTION
**(Deprivation of Federally Protected Rights Under §1983
As to Chief Codispoti and City of Vineland)**

58.   The Defendants, the City of Vineland, Vineland Police Chief Timothy Codispoti, and Louis Platania, Jointly, Severally, and in the Alternative, repeat and incorporate herein by reference each and every answer to each of the preceding paragraphs, as if more fully set forth at length herein.

59.   Denied.

60.   Denied.

61.   Denied.

62.   Denied.

63.   Denied.

64.   Denied.

65.   Denied.

66.   Denied.

67.   Denied.

68.   Denied.

69.   Denied.

Answer to Plaintiffs' Complaint on behalf of the Defendants, the City of Vineland,            Page 8 of 22
Vineland Chief Timothy Codispoti, and Louis Platania, Jointly, Severally, and in the Alternative
**White v City of Vineland, et al.**

BARKER, GELFAND & JAMES • A PROFESSIONAL CORPORATION • LINWOOD, NEW JERSEY 08221

## SEVENTH CAUSE OF ACTION
### (Pendent Claim of Violation of New Jersey Civil Rights Act As To All Defendants)

70.   The Defendants, the City of Vineland, Vineland Police Chief Timothy Codispoti, and Louis Platania, Jointly, Severally, and in the Alternative, repeat and incorporate herein by reference each and every answer to each of the preceding paragraphs, as if more fully set forth at length herein.

71.   Denied.

72.   Denied.

73.   Denied.

74.   Denied.

## EIGHTH CAUSE OF ACTION
### (Pendent Claim of Violation of New Jersey Law Against Discrimination As To Defendants Platania, Chief Codispoti, And The City of Vineland)

75.   The Defendants, the City of Vineland, Vineland Police Chief Timothy Codispoti, and Louis Platania, Jointly, Severally, and in the Alternative, repeat and incorporate herein by reference each and every answer to each of the preceding paragraphs, as if more fully set forth at length herein.

76.   Denied.

77.   Denied.

78.   Denied.

Answer to Plaintiffs' Complaint on behalf of the Defendants, the City of Vineland,         Page 9 of 22
Vineland Chief Timothy Codispoti, and Louis Platania, Jointly, Severally, and in the Alternative
**White v City of Vineland, et al.**

BARKER, GELFAND & JAMES • A PROFESSIONAL CORPORATION • LINWOOD, NEW JERSEY 08221

## NINTH CAUSE OF ACTION
### (Pendent Claim of Assault & Battery As To All Defendants Except John Doe I)

79.   The Defendants, the City of Vineland, Vineland Police Chief Timothy Codispoti, and Louis Platania, Jointly, Severally, and in the Alternative, repeat and incorporate herein by reference each and every answer to each of the preceding paragraphs, as if more fully set forth at length herein.

80.   Denied.

81.   Denied.

82.   Denied.

## TENTH CAUSE OF ACTION
### (Pendent Claim Of False Arrest/ False Imprisonment As To All Defendants Except John Doe I)

83.   The Defendants, the City of Vineland, Vineland Police Chief Timothy Codispoti, and Louis Platania, Jointly, Severally, and in the Alternative, repeat and incorporate herein by reference each and every answer to each of the preceding paragraphs, as if more fully set forth at length herein.

84.   Denied.

85.   Denied.

Answer to Plaintiffs' Complaint on behalf of the Defendants, the City of Vineland,    Page 10 of 22
Vineland Chief Timothy Codispoti, and Louis Platania, Jointly, Severally, and in the Alternative
**White v City of Vineland, et al.**

BARKER, GELFAND & JAMES • A PROFESSIONAL CORPORATION • LINWOOD, NEW JERSEY 08221

## ELEVENTH CAUSE OF ACTION
**(Pendent Claim Of Negligence As To All Defendants)**

86.    The Defendants, the City of Vineland, Vineland Police Chief Timothy Codispoti, and Louis Platania, Jointly, Severally, and in the Alternative, repeat and incorporate herein by reference each and every answer to each of the preceding paragraphs, as if more fully set forth at length herein.

87.    Denied.

88.    Denied.

89.    Denied.

90.    Denied.

## TWELFTH CAUSE OF ACTION
**(Pendent Claim Of Gross Negligence As To All Defendants)**

91.    The Defendants, the City of Vineland, Vineland Police Chief Timothy Codispoti, and Louis Platania, Jointly, Severally, and in the Alternative, repeat and incorporate herein by reference each and every answer to each of the preceding paragraphs, as if more fully set forth at length herein.

92.    Denied.

93.    Denied.

94.    Denied.

95.    Denied.

Answer to Plaintiffs' Complaint on behalf of the Defendants, the City of Vineland,                Page 11 of 22
Vineland Chief Timothy Codispoti, and Louis Platania, Jointly, Severally, and in the Alternative
**White v City of Vineland, et al.**

BARKER, GELFAND & JAMES • A PROFESSIONAL CORPORATION • LINWOOD, NEW JERSEY 08221

## THIRTEENTH CAUSE OF ACTION
### (Pendent Claim Of Wrongful Death As To All Defendants)

96.   The Defendants, the City of Vineland, Vineland Police Chief Timothy Codispoti, and Louis Platania, Jointly, Severally, and in the Alternative, repeat and incorporate herein by reference each and every answer to each of the preceding paragraphs, as if more fully set forth at length herein.

97.   Denied.

98.   The answering Defendants are without sufficient information to form a belief as to the truth of the statements made within this paragraph; therefore, the answering Defendants enter a formal denial, and put the Plaintiff to proof.

99.   Denied.

## FOURTEENTH CAUSE OF ACTION
### (Pendent Claim Of Survivorship As To All Defendants)

100.  The Defendants, the City of Vineland, Vineland Police Chief Timothy Codispoti, and Louis Platania, Jointly, Severally, and in the Alternative, repeat and incorporate herein by reference each and every answer to each of the preceding paragraphs, as if more fully set forth at length herein.

101.  Denied.

102.  Denied.

103.  Denied.

Answer to Plaintiffs' Complaint on behalf of the Defendants, the City of Vineland,            Page 12 of 22
Vineland Chief Timothy Codispoti, and Louis Platania, Jointly, Severally, and in the Alternative
**White v City of Vineland, et al.**

BARKER, GELFAND & JAMES • A PROFESSIONAL CORPORATION • LINWOOD, NEW JERSEY 08221

104. The answering Defendants are without sufficient information to form a belief as to the truth of the statements made within this paragraph; therefore, the answering Defendants enter a formal denial, and put the Plaintiff to proof.

105. Denied.

WHEREFORE, the answering Defendants demand judgment dismissing the Plaintiffs' Complaint with Prejudice, and for such further relief as the Court may deem to be equitable and just, including but not limited to an award of counsel fees and costs.

### SEPARATE and AFFIRMATIVE DEFENSES
### Pled Jointly, Severally, or in the Alternative on behalf of the Defendants, the City of Vineland, Police Chief Timothy Codispoti, and Louis Platania

1. The answering Defendants were not guilty of any negligence, wrongdoing, breach of duty, or misconduct which was the proximate or producing cause of any injuries or damages alleged by the Plaintiff.

2. Any claims against the answering Defendants are barred by contributory negligence, or should be mitigated by comparative negligence of the deceased, pursuant to NJSA 2A:15-5.1, *et seq.*

3. Any injuries and damages were caused by, and arose out of, risks of which the deceased had full knowledge, and which the deceased assumed.

Answer to Plaintiffs' Complaint on behalf of the Defendants, the City of Vineland,                    Page 13 of 22
Vineland Chief Timothy Codispoti, and Louis Platania, Jointly, Severally, and in the Alternative
**White v City of Vineland, et al.**

BARKER, GELFAND & JAMES • A PROFESSIONAL CORPORATION • LINWOOD, NEW JERSEY 08221

4.    Any  and  all  injuries  were  caused  solely  by  the intentional behavior of the deceased.

5.    The deceased was not deprived of any right, privilege, or  immunity  created  or  recognized  by  the  United  States Constitution, the New Jersey Constitution, any statute, or any law.

6.    The answering Defendants affirmatively and specifically plead each and every defense, limitation, immunity, and protection provided under the New Jersey Tort Claims Act [NJSA 59:1-1, *et seq.*] and hereby places the Plaintiff on notice that each such statutory provision is hereby raised as a separate and affirmative defense throughout every stage of the case.

7.    The answering Defendants are immune from liability for any damages for pain and suffering under NJSA 59:9-2.

8.    The answering Defendants are entitled to a credit for any benefits paid to the Plaintiff under NJSA 59:9-2.

9.    Any  actions,  or  failure  to  act,  on  the  part  of  the answering Defendants were in the nature of the discretionary activity within the meaning of NJSA 59:2-3.

10.   The answering Defendants are entitled to the good faith immunity established  by NJSA 59:3-3.

11.   The  Plaintiffs  failed  to  comply  with  the  conditions

Answer to Plaintiffs' Complaint on behalf of the Defendants, the City of Vineland,          Page 14 of 22
Vineland Chief Timothy Codispoti, and Louis Platania, Jointly, Severally, and in the Alternative
**White v City of Vineland, et al.**

BARKER, GELFAND & JAMES • A PROFESSIONAL CORPORATION • LINWOOD, NEW JERSEY 08221

precedent for making any claim against the answering Defendants by not filing the claim in the manner and within the time provided by NJSA 59:8-3, NJSA 59:8-4, NJSA 59:8-5, NJSA 59:8-7, and NJSA 59:8-8.

12.  The answering Defendants are entitled to immunity under NJSA 59:2-2.

13.  The answering Defendants are entitled to immunity under NJSA 59:2-10.

14.  The answering Defendants are immune from any pre-judgment interest under the New Jersey Tort Claims Act [NJSA 59:1-1, *et seq*].

15.  The answering Defendants acted upon probable cause and in good faith in carrying out duties.

16.  Any action, or inaction, on the part of the answering Defendants was the result of the exercise of judgment or discretion vested in the answering Defendants within the meaning of the applicable law.

17.  The answering Defendants acted in good faith, without malicious intent in carrying out all duties.

18.  The answering Defendants, at all times, acted reasonably, in good faith, and in accord with all applicable laws of the United States, the State of New Jersey, and local

Answer to Plaintiffs' Complaint on behalf of the Defendants, the City of Vineland,          Page 15 of 22
Vineland Chief Timothy Codispoti, and Louis Platania, Jointly, Severally, and in the Alternative
**White v City of Vineland, et al.**

BARKER, GELFAND & JAMES • A PROFESSIONAL CORPORATION • LINWOOD, NEW JERSEY 08221

ordinances.

19.   All of the acts of the answering Defendants were performed in good faith; and, the answering Defendants are, therefore, entitled to *qualified immunity*.

20.   The answering Defendants are entitled to absolute immunity.

21.   To the extent alleged, if any, the answering Defendants did not engage in a conspiracy against the Plaintiff, and did not have a custom, plan, or practice which violated the rights of the Plaintiff.

22.   Punitive damages cannot be awarded against the answering Defendants under both common law and statute.

23.   The Plaintiffs are not entitled to an award of economic damages against the answering Defendants.

25.   The Plaintiffs are not entitled to an award of interest against the answering Defendants.

26.   The Plaintiffs are not entitled to an award of counsel fees against the answering Defendants.

27.   Any alleged damages were due to unavoidable circumstances and causes beyond the control of fault of the answering Defendants.

28.   The answering Defendants were acting pursuant to law in

Answer to Plaintiffs' Complaint on behalf of the Defendants, the City of Vineland,          Page 16 of 22
Vineland Chief Timothy Codispoti, and Louis Platania, Jointly, Severally, and in the Alternative
**White v City of Vineland, et al.**

BARKER, GELFAND & JAMES • A PROFESSIONAL CORPORATION • LINWOOD, NEW JERSEY 08221

performing any of the acts alleged in the Plaintiff's Complaint.

29.   The answering Defendants assert the applicability of the provisions of NJSA 59:8-8 through NJSA 59:8-11 regarding failure to timely file notice of claim and/ or failure to file adequate notice of claim as set forth therein.

30.   The claims of the Plaintiffs are barred by the entire controversy doctrine.

31.   The Plaintiffs' Complaint is barred by the applicable statute of limitations.

32.   The answering Defendants had legitimate, non-discretionary reasons for all acts and omissions of which the Plaintiff complains.

33.   The Plaintiffs have failed to exhaust all available administrative remedies.

34.   Any recovery to which the Plaintiffs might otherwise be entitled is subject to reduction in accord with the judgments, damages, and interest provided in NJSA 59:9-2.

3.   The answering Defendants assert the applicability of NJSA 59:9-3, NJSA 59:9-3.1 [limitations in contribution], and NJSA 59:9-4 regarding joint tortfeasors and the comparative negligence of the Plaintiff.

36.   The answering Defendants assert the applicability of

Answer to Plaintiffs' Complaint on behalf of the Defendants, the City of Vineland,          Page 17 of 22
Vineland Chief Timothy Codispoti, and Louis Platania, Jointly, Severally, and in the Alternative
**White v City of Vineland, et al.**

BARKER, GELFAND & JAMES • A PROFESSIONAL CORPORATION • LINWOOD, NEW JERSEY 08221

NJSA 59:9-5 to limit fees and costs.

37.  The answering Defendants, by pressing the aforementioned defenses, do not intend to limit their defenses and/ or rights under the Act, and hereby affirmatively plead the procedural and substantive provisions of the New Jersey Tort Claims Act [NJSA 59:1-1, et seq.], which are applicable and have not been previously cited in this Answer.

38.  The claims of the Plaintiffs are barred by reason of the failure of Plaintiff to mitigate damages.

39.  The claims of the Plaintiffs are barred by reason of the Doctrine of Waiver.

40.  The claims of the Plaintiffs are barred by the reason of the Doctrine of Unclean Hands.

41.  The answering Defendants acted without malice and in good faith; therefore, the answering Defendants are not responsible to the Plaintiffs in damages.

42.  The answering Defendants assert that the Plaintiffs have failed to plead a constitutional violation with such specificity so as to state a cognizable claim under 42 USC §1983.

43.  Any and all damages alleged to have been suffered by the Plaintiffs are not causally related to any act or omission alleged to be chargeable to the answering Defendants.

Answer to Plaintiffs' Complaint on behalf of the Defendants, the City of Vineland,                Page 18 of 22
Vineland Chief Timothy Codispoti, and Louis Platania, Jointly, Severally, and in the Alternative
**White v City of Vineland, et al.**

BARKER, GELFAND & JAMES • A PROFESSIONAL CORPORATION • LINWOOD, NEW JERSEY 08221

44.   The answering Defendants deny that the co-Defendants, or any of them, at the time of the incident underlying Plaintiffs' Complaint, were the agents, servants, and or employees of the answering Defendants, or any of them.

45.   Recovery may only be had under the wrongful death statute [NJSA 2A:31-1, *et seq*.], for pecuniary damages. Loss of society and loss of comfort damages are not recoverable under the statute, and loss of services is limited to services substantially equivalent to those types of services provided by nurses and nurse practitioners.

46.   The answering Defendants hereby raise all defenses available under the Affidavit of Merit Statute [NJSA 2A:53-26, *et seq*.].

47.   The answering Defendants performed each and every duty owed to the Plaintiffs.

48.   The answering Defendants deny Plaintiffs' claims of proximate causation.

49.   The losses and injuries alleged to have been sustained by the Plaintiffs were caused by the sole negligence of the Plaintiffs.

50.   The losses and injuries alleged by the Plaintiffs were caused by, and arouse out of, risks of which the Plaintiffs had

Answer to Plaintiffs' Complaint on behalf of the Defendants, the City of Vineland,          Page 19 of 22
Vineland Chief Timothy Codispoti, and Louis Platania, Jointly, Severally, and in the Alternative
**White v City of Vineland, et al.**

BARKER, GELFAND & JAMES • A PROFESSIONAL CORPORATION • LINWOOD, NEW JERSEY 08221

full knowledge and had assumed.

51.  The negligence, if any, was that of others over whom the answering Defendants owed no duty and to whom the answering Defendants exercised no control.

52.  The Plaintiffs have failed to state a cause of action upon which relief may be granted.

53.  To the extent applicable, the Plaintiffs' claims are barred and/ or limited by the New Jersey Wrongful Death Act [NJSA 2A:3.1, *et seq*.].

54.  To the extent applicable, the Defendants raise all defenses under the New Jersey Property/ Liability Guaranty Association Act [NJSA 17:30A-1, *et seq*.].

55.  To the extent applicable, the answering Defendants are entitled to a credit for any and all medical bills or other benefits for which Plaintiffs either received, or are entitled to receive, benefits from any collateral source pursuant to NJSA 2A:15-97.

56.  The answering Defendants reserve the right to amend this Answer to assert additional affirmative defenses as revealed or suggested by the completion of on-going investigation and discovery.

Answer to Plaintiffs' Complaint on behalf of the Defendants, the City of Vineland,          Page 20 of 22
Vineland Chief Timothy Codispoti, and Louis Platania, Jointly, Severally, and in the Alternative
**White v City of Vineland, et al.**

BARKER, GELFAND & JAMES • A PROFESSIONAL CORPORATION • LINWOOD, NEW JERSEY 08221

## COUNTERCLAIM FOR ATTORNEYS' FEES

1.    The allegations contained the Plaintiffs' Complaint are frivolous, groundless, and without merit as to the answering Defendants.

2.    42 USC §1988 provides for the allowance of reasonable attorneys' fees to the prevailing party in an action arising out of an alleged violation of 42 USC §1983 and the Defendants/ Counterclaimants, Jointly, Severally and in the Alternative, rely upon 42 USC §1988.

3.    The answering Defendants/ Counterclaimants also rely upon Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, the answering Defendants, the City of Vineland, Vineland Police Department, Vineland Police Chief Timothy Codispoti, and Louis Platania Jointly, Severally, or in the Alternative, demand judgment dismissing the Plaintiffs' Complaint and for such other relief as the Court deems just and equitable, including but not limited to an award of counsel fees and costs.

## RESERVATION OF RIGHTS

The Defendants, the City of Vineland, Vineland Police Department, Vineland Police Chief Timothy Codispoti, and Louis Platania, Jointly, Severally, or in the Alternative, reserve the

Answer to Plaintiffs' Complaint on behalf of the Defendants, the City of Vineland,          Page 21 of 22
Vineland Chief Timothy Codispoti, and Louis Platania, Jointly, Severally, and in the Alternative
**White v City of Vineland, et al.**

BARKER, GELFAND & JAMES • A PROFESSIONAL CORPORATION • LINWOOD, NEW JERSEY 08221

right, at or before trial, to move to dismiss the Plaintiffs'
Complaint and/or for summary judgment, on the grounds that the
Complaint fails to state a claim upon which relief can be granted
and/or that the answering Defendants are entitled to judgment as
a matter of law, based on any or all of the above defenses.

## JURY DEMAND

This answering Defendants, the City of Vineland, Vineland
Police Department, Vineland Police Chief Timothy Codispoti, and
Louis Platania, Jointly, Severally, or in the Alternative, hereby
demand a trial by jury on all issues subject to trial by jury.

**BARKER, GELFAND & JAMES**
A PROFESSIONAL CORPORATION

By: _____
    Todd J. Gelfand, Esquire

Dated: __February 9, 2017____

Answer to Plaintiffs' Complaint on behalf of the Defendants, the City of Vineland,       Page 22 of 22
Vineland Chief Timothy Codispoti, and Louis Platania, Jointly, Severally, and in the Alternative
**White v City of Vineland, et al.**

BARKER, GELFAND & JAMES • A PROFESSIONAL CORPORATION • LINWOOD, NEW JERSEY 08221