IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **PAMELA WHITE**, as Administratrix *Ad Prosequendum* of the Estate Of Phillip George White,<br><br>*Plaintiff,*<br><br>v.<br><br>**CITY OF VINELAND et al.**,<br><br>*Defendants.* | **Case No. 1:16-cv-08308-JDW-AMD** |

## **MEMORANDUM**

During trial of this action, the Court raised with the Parties the question of whether children of the decedent had standing to pursue claims under 42 U.S.C. § 1983 or the New Jersey Civil Rights Act, N.J. Rev. Stat. § 10:6-2 ("NJCRA"). After soliciting submissions from the Parties, the Court concluded that the children did not have standing and issued an Order dismissing their claims. This Memorandum explains the Court's reasoning.

### I.     FACTUAL BACKGROUND

On March 31, 2015, Phillip White died *en route* to the hospital after an encounter with Vineland police officers. Mr. White's mother, acting as Administratrix *Ad Prosequendum* of Mr. White's estate, and two of Mr. White's children, filed this action. When the Court ruled on summary judgment, it permitted claims under Section 1983 and the NJCRA to proceed to trial, but it granted summary judgment on other claims, including

under New Jersey's Wrongful Death and Survivorship statutes. After ten days of trial, a jury returned a verdict for the defense on the remaining claims. But the Court had already dismissed the children's claims, so the jury did not consider them.

## II. LEGAL STANDARD

Article III's case and controversy language requires plaintiffs to establish standing to assert a claim. To establish standing, plaintiffs must show a) an injury-in-fact, b) causation, and c) redressability. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). An injury-in-fact requires "an invasion of a legally-protected interest." *Id.* at 560. Generally, "a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties." *Powers v. Ohio*, 499 U.S. 400, 410 (1991); *see also Allen v. Wright*, 468 U.S. 737, 755 (1984).

## III. ANALYSIS

Mr. White's children did not assert any invasion of their legally protected interests; they only asserted claims based on alleged violations of Mr. White's rights. But the children had no standing to seek relief for a violation of their father's rights. *See Powers*, 499 U.S. at 410; *see also Reihner v. County of Washington*, 672 Fed.Appx. 142, 144 (3d Cir. 2016).

The only invasion of the children's rights that Plaintiffs could have asserted would be an interference with the children's parental relationship. Had Plaintiffs made such a claim, though, it is unclear whether it would have been viable. Under Third Circuit law,

2

parents of minor children may assert a violation of their due process right to the companionship of their children. See Estate of Bailey by Oare v. York County, 768 F.2d 503, 509 n.7 (3d Cir. 1985); McCurdy v. Dodd, 352 F.3d 820, 830 (3d Cir. 2003). However, the Third Circuit does not appear to have decided if this right is reciprocal, such that children may assert a violation of their rights for interference with parental companionship. But, even assuming the Third Circuit would recognize a child's right to the companionship of her parent, it is not clear Mr. White's children would be able demonstrate invasion of that right here, as the actions of Vineland police were not directed toward the parent-child relationship. See Doswell v. City of Pittsburgh, 2009 WL 1734199 at *14-15 (W.D. Pa. June 16, 2009) (granting summary judgement dismissing son's claim for father's prosecution because the state's actions were not directed toward the parent-child relationship).

In briefing, Plaintiffs argue that they have standing because federal law imports New Jersey's wrongful death and survivorship actions. But, Section 1983 only provides for liability "to the party injured." 42 U.S.C. § 1983. That language makes clear that only a victim (or his representative) can sue, not someone else. And the NJCRA is co-extensive with Section 1983. See Hottenstein v. City of Sea Isle City, 977 F. Supp.2d 353, 365 (D.N.J. 2013).

Even if Section 1983 were unclear about the scope of the legally protected interest, and it is not, Mr. White's children would not have a legally protected interest. In the

3

absence of statutory guidance, Congress has directed courts to look to state law to determine who is a proper plaintiff. *See* 42 U.S.C. §1988(a); *Estate of Guled ex rel. Abdi v. City of Minneapolis*, 869 F.3d 680, 683 (8th Cir. 2017). Both the New Jersey Wrongful Death Act and the New Jersey Survivorship Act name the estate administrator as the proper plaintiff when an injured party dies. *See* N.J. STAT. ANN. § 2A:31-2 (2021); N.J. STAT. ANN. § 2A:15-3 (2021). Therefore, only Ms. White, acting as Administratrix *Ad Prosequendum* of Mr. White's estate, is a proper plaintiff under Section 1983.

Finally, federal law does not permit a court to borrow an entire cause of action from state law. *See Moor v. County of Alameda*, 411 U.S. 693, 702 (1973). Plaintiffs argue that the Fifth Circuit's decision in *Brazier v. Cherry*, 293 F.2d 401 (5th Cir. 1961), suggests a different result. *Brazier* predated the Supreme Court's decision in *Moor*, and several circuits have since rejected the Fifth Circuit's approach. *See Jaco v. Bloechle*, 739 F.2d 239 (6th Cir. 1984); *Andrews v. Neer*, 253 F.3d 1052, 1063 (8th Cir. 2001) (en banc); *Berry v. City of Muskogee*, 900 F.2d 1489, 1507 (10th Cir. 1990). This Court finds the decisions and *Jaco* and *Andrews* persuasive in their application of the Supreme Court's decision in *Moor*.

## IV.  CONCLUSION

Article III sets forth "constitutional and prudential limits to the powers of [our] unelected, unrepresentative judiciary." *Vander Jagt v. O'Neill*, 699 F.2d 1166, 1178–79 (D.C. Cir. 1983) (Bork, J., concurring). While the Court has sympathy for these children's loss,

this Court cannot go beyond its power and give the children the ability to sue for alleged injuries to their father.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

November 2, 2022